IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHENITA L. A. THOMPSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-1951-P-BK |
| | § | |
| DS WATER, dba DS Services of America | § | |
| Inc., | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On May 29, 2014, Plaintiff filed a *pro se* complaint alleging employment discrimination against her former employer, DS Water, which was automatically referred to the magistrate judge. 28 U.S.C. 636(b) and Special Order 3. The undersigned granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

Plaintiff asserts that on April 2, 2014, she was suspended with pay for fifteen days from her work assignment as Defendant's Costco sales representative/vendor pending an investigation into allegations that she called a Costco customer "white trash." [Doc. 3 at 1; Doc. 8 at 3, 6]. Subsequently, Plaintiff states that she was informed by her manager, Edward Magana, that she would be "promoted" to a sale consultant position.[1] [[Doc. 3 at 1; Doc. 8 at 3, 6]. Then, on April 21, 2014, while Plaintiff was training for the new position, Magana offered her a sandwich, which, within 15 to 20 seconds of taking a bite, caused her dizziness, nausea, disorientation, "visions," severe diarrhea, "brain shock," disorientation, and a "chemical imbalance." [Doc. 3 at

---

[1] Later, in answer to the Court's questionnaire, Plaintiff characterized the new position as a demotion, with a decrease in salary. Doc. 8 at 3, 6.

1; Doc. 8 at 3]. Although Plaintiff resigned the next day, she avers that the "ongoing harassment followed [her] to Medical City, UT Southwestern Hospital Emergency Facility, and Lake Highlanding Apartments." [Doc. 8 at 3, 7].

As a result of the above course of events, Plaintiff asserts that she was discriminated against because of her race, black. [Doc. 3 at 2; Doc. 8 at 3]. She also contends that she was "retaliated against for false allegations of harassment from [the] white female customer, and because Mr. Magana violated company policy by putting [her] in a hostile work environment." [Doc. 3 at 1]. Plaintiff maintains:

> I'm afraid for my life through this horrifying situation. I am experiencing Electronic torture, Electro[] magnetic torture, Electronic mind control, Electronic minding reading, brain zapping, and people zapper. I am a victim of white collar crimes, Insider Trading, Employee Discrimination, Reta[liat]ion Harassment, Invasion of privacy, Intentional Infliction of Emotional Distress, False Imprisonment, Misappropriation, Alleging discrimination on basis genetic information of retaliation and ongoing electronic harassment it started at my job.

[Doc. 8 at 3-4].

When asked to state all facts on which she relied to establish each type of discrimination alleged above, Plaintiff averred, "Employee discrimination, Retaliation, Harssment, Lookism, Rankism, Class Genetic, Race, Defamation, Slander, libel, on going Harassment." [Doc. 8 at 5]. Plaintiff also referenced the harassment she experienced at the emergency room at UT Southwestern. *See* Doc. 8 at 9-14 (summary of events at emergency room).[2]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief

---

[2] Attached to Plaintiff's complaint is a right to sue letter from the United States Equal Employment Opportunity Commission. [Doc. 3 at 4].

may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's complaint is frivolous and/or fails to state a claim on which relief can be granted.

Plaintiff asserts she was suspended with pay and demoted, which she believes was due to her race, in violation of Title VII. That statute prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions ... because of such individual's race, color ... or national origin." 42 U.S.C. § 2000e–2(a). Plaintiff, however, has pleaded no facts that establish a prima facie claim of discrimination. *See* (plaintiff makes a prima facie case if she establishes that (1) she is a member of a protected class; (2) she was

qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside the protected class or that similarly-situated individuals outside the protected class were treated more favorably). *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.,* 245 F.3d 507, 512–13 (5th Cir. 2001). In the case *sub judice*, the Complaint, as supplemented by the answers to the Court's questionnaire, pleads only the following facts: (1) Plaintiff was removed from her "work assignment at Costco because of false allegations of harassment from a white female customer;" (2) subsequently, Plaintiff was demoted to a sales consultant position; (3) while training for the new position, Magana gave Plaintiff a sandwich that made her sick; and (4) Plaintiff believes her Costco work assignment was changed because she is African-American. [Doc. 3 at 1; Doc. 8 at 3-5]. Plaintiff has wholly failed to plead any facts from which it can be inferred that she was replaced by or treated differently than a similarly-situated employee outside her protected class. Again, her "unadorned" belief that she was suspended and/or demoted due to race is insufficient to state a claim for relief.

Plaintiff's retaliation claim fares no better. She does not assert that she was participating in any activity protected under Title VII when she was suspended and/or demoted. *Gee v. Principi,* 289 F.3d 342, 345 (5th Cir. 2002) (to state a Title VII retaliation claim, the plaintiff must allege facts that tend to establish: (1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action). Indeed, she contends that she was "retaliated" against because of the Costco customer's complaint <u>against her</u>, not on account of any protected activity (e.g., reporting discrimination or harassment) in which <u>Plaintiff</u> was then engaged. Thus, her assertion of retaliation is merely a label and does not suffice to state a claim under Title VII. *See Iqbal,* 129 S.Ct. at 1949 ("A pleading that offers labels and conclusions or a formulaic recitation of the

elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (quotations and quoted case omitted); *Landavazo v. Toro Co.*, 301 Fed. Appx. 333, 336 (5th Cir. 2008) (unpublished) (affirming dismissal of employment discrimination complaint for failure to state a claim because allegations were conclusory and provided no notice of acts giving rise to the action).

In summary, while the complaint makes the legal conclusion that Defendant retaliated and discriminated against Plaintiff because of her race, the factual allegations fail to support this conclusion and instead appear to be nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937; *see also Richards v. JRK Property Holdings,* 405 Fed. Appx. 829, 831 (5th Cir. 2010) (affirming dismissal of Title VII discrimination and retaliation claims that were not plausible on their face and concluding that plaintiff's "assertion of racial discrimination is a legal conclusion that the court is not required to accept and does not suffice to prevent a motion to dismiss").  Moreover, Plaintiff's assertions of electronic torture, mind control, mind reading, and brain zapping, Doc. 8 at 3-4, describe fantastic or delusional scenarios that are clearly irrational and incredible.  *Denton*, 504 U.S. at 33.  Accordingly, her claims are clearly baseless and should be dismissed with prejudice for failure to state a claim.

### III. LEAVE TO AMEND

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000); *see also Brewster v. Dretke,* 587 F.3d 764, 767–768 (5th Cir. 2009) (same standard applicable to *pro se* litigants); *Brown v. Texas A&M Univ.*, 804 F.2d

327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,' we must remand to permit plaintiff to amend his claim if he can do so."). As previously noted, Plaintiff is proceeding without the assistance of counsel and she has not previously been granted leave to amend, other than for the Court's questionnaire. Thus, before dismissing her claims, Plaintiff should be given the opportunity to amend her complaint to allege specific facts or occurrences that remedy the deficiencies with respect to her retaliation and discrimination claims. See *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) (holding that if a plaintiff has had a fair opportunity to make his best case and has not done so, the court should dismiss the complaint with prejudice).

## IV. RECOMMENDATION

Should the Court accept this recommendation, Plaintiff's Title VII employment discrimination and retaliation claims should be **DISMISSED WITHOUT PREJUDICE,** and Plaintiff should be given 14 days from the date of the Order accepting to amend her complaint to plead viable retaliation and discrimination claims, if any, against Defendant DS Water. If Plaintiff fails to do so, it is recommended that this case be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B).

SIGNED August 19, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE